*MOSSY vs. MEAD.*

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

The extension of a lease may be proved by parol, and the lessee is a competent witness for this purpose, if he be disinterested by a release.

If the lessee holds over without the opposition of the lessor after the expiration of the lease, there is a tacit reconduction, which binds him to pay the rent, and entitles him to hold the premises.

On the first day of January, 1827, the plaintiff leased a house to Hudson for one year, at one hundred dollars per month. The lease contained this clause: "It is likewise

Case 2.
2L 157
44 466

2   157
·112  38

agreed that should Hudson require it, he will have the privilege of remaining in the said house for the space of seven years longer, being from the first day of January, 1828, to the first day of January, 1835, he paying the same rent, say one hundred dollars per month." On the first day of March, 1828, the following endorsement was made upon the lease : " I hereby assign my right, title and interest, to the within lease to Mr. J. K. Mead, from and after this date"—signed by Hudson and recorded in the office of a notary public. Under this assignment, the defendant took possession and paid the rent up to the first of July, 1829, at the rate of one hundred dollars per month. On the 3d of June, 1829, the plaintiff informed the defendant, that at the expiration of that month, the rent would be at the rate of one hundred and twenty-five dollars per month. The present suit was brought to recover five months' rent, from the 1st of July, 1829, at the rate of one hundred and twenty-five dollars per month.

The defendant admitted in his answer, that five months' rent was due, at the rate of one hundred dollars per month, and proved that he had made a tender to the plaintiff, which the latter refused to receive.

On the trial of the cause, the defendant offered Hudson as a witness, to prove that he had accepted the lease from the plaintiff, for seven years, from the 1st of January, 1828, and that he had been released by the defendant from all responsibility, as assignor of the lease. This testimony was objected to and rejected by the court, on the ground that no verbal testimony could be given as to the lease and assignment. The court below gave judgment for the plaintiff for the amount claimed, and the defendant appealed.

*Preston* for appellant contended :

1. Mossy leased the house to Hudson for one year, at $100 per month, with the privilege of keeping it seven years at the same rate of rent. Hudson transferred the lease to

Mead, the defendant. He had a right to transfer and Mead to acquire the lease—C. C. art. 2696. It is therefore evident, Mead has a right to retain the house seven years, at one hundred dollars per month, which he has tendered to the plaintiff.

2. No formal demand of the house by Hudson or Mead was necessary. Their assent to Mossy's proposition to lease it seven years, was sufficiently given by keeping it and paying the rent long after the first year had expired. If this was not an express, at least it was an implied assent—C. C. art. 1805. Mossy is presumed to have continued his proposition—Art. 1795, 1796, C. C. These principles of law are specially applicable to contracts of lease—C. C., Art. 2659.

*Derbigny*, contra:

1. By the lease, the plaintiff agrees that Hudson will have the *privilege of remaining* in the house seven years longer, provided *he* requires it, and *he paying* the same rent. Hudson was therefore bound to *require* of Mossy, the house for seven years—to *remain* in it seven years, and to pay the rent himself. These conditions could not be dispensed with, therefore no acceptance was made and no contract could be formed, because, says the law, the acceptance must be in all things conformable to the offer—C. C. art. 1799. But supposing Hudson had complied with all the conditions of the proposal, that circumstance would not render good the pretended transfer to the defendant, of the privilege granted to Hudson, because this privilege was essentially personal, and not transferrable, as the words very plainly indicate.

2. Mead was tenant at will of Mossy, and had received notice that the rent would be increased; therefore bound to pay the rent demanded—C. C. art. 2655, 2656.

*Martin, J.*, delivered the opinion of the court.

The plaintiff claims house rent for five months, due on the

first of January, 1830, at one hundred and twenty-five dollars per month.

The defendant admits five months are due, but denies that they are due at one hundred and twenty-five dollars per month, and avers, the rent is at one hundred dollars only, therefore he tenders five hundred dollars, which he avers he has been ever ready to pay. He claims, as assignee of Hudson, a lessee of the plaintiff, for the year 1827, with the faculty in the lessee, to keep the house till the year 1835.

There was judgment for the plaintiff, and the defendant appealed.

The record shews that the plaintiff introduced his own letter to the defendant, of the third of June, 1829, announcing that the rent of the house would, in future, be at the rate of fifteen hundred dollars a year; a copy of which was admitted to have been received by the defendant, soon after its date. Proof was also made of the demand of the rent, at one hundred and twenty-five dollars, and the defendant's refusal to pay accordingly.

The defendant offered in evidence, a lease from the plaintiff to Hudson, and the latter's assignment thereof to the defendant. The signature to the lease, and assignment, were admitted to be genuine, but the plaintiff's counsel opposed these documents being read, but they were filed.

He next produced sixteen receipts, each for one month's rent at one hundred dollars, and the plaintiff's signature thereto was admitted.

He next proved a tender of four hundred dollars in December, for four months rent, due on the first day of that month, and the plaintiff's refusal to accept them.

He further proved, that during the summer of 1828, the house remained empty, he being absent, but that Wadsworth, his agent, nevertheless, paid the rent monthly, at the rate of one hundred dollars a month, and the tender and refusal of five hundred dollars for the five months rent claimed, were also proved.

The lease of the plaintiff to Hudson is for the year 1827, for twelve hundred dollars, payable monthly. It contains a clause, that "if Hudson should require it, he will have the privilege to remain in the house for the space of seven years longer, he paying the same rent, viz., one hundred dollars per month." Hudson's assignment is at the foot of the lease, its date March 1, 1828. The whole was registered in a notary's office on the 10th of June, 1829.

At the trial the defendant offered Hudson as a witness, to prove that he had accepted, from the plaintiff, the extension of the lease for seven years. Hudson had a release of all claims from the defendant. His admission was opposed, and he was rejected on the ground of incompetency, and that no verbal testimony could be given about the lease and assignment.

We think the parish judge erred in rejecting Hudson, who was offered as a witness to prove that he had required the extension of the lease for seven years. He was disinterested by the release, and a lease is proveable by parol,— Civ. Code, 2653—the extension of it must be so.

But we do not think the decision of the case requires it to be remanded for Hudson's testimony. We consider the clause providing for the prolongation of the lease, as a substantial part of the contract, the benefit of which might be invoked by the lessee's transfer, and we think it was erroneously considered below, as a "mere benevolent promise from the plaintiff toward Hudson personally, not transferrable to another."

But it appears to us, that although Hudson did not avail himself of the faculty of renewing the lease for seven years, he was still a lessee for the year 1828, having leased the premises for the year 1827, for the rent of twelve hundred dollars a year, though payable monthly. He remained in possession till some time in March 1828, and paid the rent up to the first of April; this bound him to pay $1200, in

V

Eastern District,
January 1831.

MOSSY
vs.
MEAD.

The extension of a lease may be proved by parol, and the lessee is a competent witness for this purpose, if he be disinterested by a release.

Eastern District, monthly instalments, during the whole year 1828. This the
January 1831.
defendant, his transferree, complied with during the last
MOSSY
vs
MEAD.
nine months of that year; at the expiration of it, nothing
was said by lessor or lessee. The latter held over for six
months in the year 1829; this was a renewal of the lease,
or tacit reconduction, on the same terms, that is, for twelve
hundred dollars a year, payable monthly, till the end of 1829.
Early in June of that year, the plaintiff gave notice to the
defendant, the rent would in future be fifteen hundred dollars
a year. To this proposition to double the length of time for
which the defendant was bound to keep the house, not to the
increase of the rent, the defendant never assented. His
rights are, therefore, not at all affected by it. He came
into the house as the successor of Hudson, who having hired
the house for twelve months, from the first of January, 1827,
and having staid in it several months after the expiration of
his year, was bound to keep the premises for a second year;
at the expiration of which, the defendant did not leave the
house, but continued to hold it, and pay rent for one half of
the third year, which he therefore became bound to complete, and gave him the rights of a tenant till the expiration
of the third year.

*If the lessee holds over without the opposition of the lessor after the expiration of the lease, there is a tacit reconduction which binds him to pay the rent and entitles him to hold the premises.*

He has tendered and deposited the rent, to the last day of
payment preceeding the inception of the suit.

It is therefore ordered, adjudged and decreed, that the
judgment of the Parish Court be annulled, avoided, and reversed, and that there be judgment for the defendant, with
costs in both courts, saving to the plaintiff his right to the
money tendered and deposited.