(84 South. 101.)

No. 22489.

FRANKS v. DAVIS BROS. LUMBER CO., Limited.

DAVIS BROS. LUMBER CO., Limited v. FRANKS.

(March 1, 1920.)

(Syllabus by Editorial Staff.)

1. COURTS ⬤⇒224(11)—AMOUNT IN CONTROVERSY HELD WITHIN JURISDICTION OF SUPREME COURT.

Though defendant, whose separate action against plaintiff to restrain him from interfering with the cutting of timber alleged that the timber was of the value of $1,000, and that the damages amounted to $200, which sums taken together were not sufficient to give the Supreme Court jurisdiction of the appeal, yet,

as it appeared that defendant had rights of way over the land in question which were used in the cutting of timber on other lands, etc., it will be deemed that there was sufficient amount in controversy for the Supreme Court to entertain jurisdiction of defendant's appeal from a judgment for plaintiff, whose action to reform a timber deed was consolidated with defendant's action.

2. EVIDENCE ⬤⇒434(11) — FRAUD IN TIMBER DEED MAY BE SHOWN BY PAROL.

Where it was asserted that a timber deed or contract did not express the intention of the parties as a result of the fraud of defendant, evidence of such fraud will not be excluded on the ground that the deed was the best evidence of the agreement.

3. EVIDENCE ⬤⇒397(2) — THAT WRITING EXPRESSES CONTRACT PRESUMED.

In the absence of a reasonably strong showing of fraud or error, a written instrument signed by the parties will be presumed to constitute the agreement between them.

4. REFORMATION OF INSTRUMENTS ⬤⇒45(7)—EVIDENCE HELD NOT TO SHOW THAT PLAINTIFF FRAUDULENTLY INSERTED PROVISION IN DEED.

Where plaintiff asserted that through fraud of defendant he was induced to sign a timber deed which allowed ten years for removal, although the parties had agreed on only two, held, that the evidence was insufficient to warrant a finding in favor of plaintiff, whom it appeared did not read the deed.

5. LOGS AND LOGGING ⬤⇒3(1)—PROVISION IN TIMBER DEED FOR EXTENSION OF TIME ON GRANTEE'S PAYMENT OF TAXES VALID.

A provision in a timber deed which allowed ten years for removal to the effect that, if removal was not completed within the ten-year period, the grantee might have additional time on paying taxes, is valid, being supported by the consideration of the deed, and not objectionable on the theory that the grantee might never be called on to pay taxes.

6. LOGS AND LOGGING ⬤⇒3(1)—PROVISION ALLOWING INDEFINITE TIME FOR REMOVAL OF TIMBER IS NOT OBJECTIONABLE, AS COURTS MAY FIX TIME.

A provision in a timber deed allowing ten years for removal that, if the grantee did not remove within that time, he might have additional time on the payment of taxes, is not open to objection on the ground that it was indefinite or unlimited; for the owner might ap-

ply to the courts to fix a reasonable time for the cutting of timber.

Appeal from Third Judicial District Court, Parish of Bienville; J. E. Reynolds, Judge.

Action by Dr. J. Franks against the Davis Bros. Lumber Company, Limited, which was consolidated with an action by the named defendant against the plaintiff. From a judgment for plaintiff in the original action, the defendant appeals. Judgment annulled and reversed, with directions.

Stubbs, Theus, Grisham & Thompson, of Monroe, for appellant.

J. Rush Wimberly, of Arcadia, for appellee.

DAWKINS, J. On February 16, 1916, Dr. J. Franks, alleging himself to be the owner of the S. ½ of N. W. ¼ and N. E. ¼ of N. W. ¼ of section 17, township 16 north, range 4 west, together with the timber thereon, obtained from the court below a writ of injunction restraining Davis Bros. Lumber Company, Limited, from cutting and removing the timber from said lands. He prayed that the writ be sustained, and that he recover the sum of $300 as the value of timber already removed. This writ was issued on the order of the clerk, in the absence of the judge.

February 19, 1916, the defendant in the case just mentioned filed another suit, in which it claimed the ownership of the timber on the said described lands, and obtained from the judge a writ of injunction, prohibiting the said Dr. J. Franks from interfering with it in the cutting and removal of said timber. It alleged the value of the timber as $1,000, and that the rights of way through, over, and across said lands for the purpose of removing other timber which it owned in that vicinity were well worth the sum of $2,000. It asked that the injunction be perpetuated, and that it recover the sum of $200 as damages for attorney's fees.

Certain preliminary pleas and exceptions were filed and considered by the lower court, but have not been pressed here, and, besides, we do not think they have sufficient merit to warrant our discussing them. We think the disposition made thereof by the lower court was proper.

In answer to the first suit the defendant therein, Davis Bros. Lumber Company, Limited, claimed the ownership of the timber, which it admitted it was cutting, under a deed from Franks giving an original period of ten years in which to cut and remove the same, with an additional indefinite term upon payment of the taxes on the land. The petition to which this answer was filed did not mention or attack the said timber deed in any way.

For answer to the second suit the defendant Franks admitted having signed the timber deed to Davis Bros. Lumber Company, Limited, but averred that the period for removal stipulated therein was two years from November 1, 1905, and that this time had long since expired. Franks also made part of his answer copy of a petition filed by him in July, 1907, attacking the said timber deed on the ground that the time for removal agreed on was two instead of ten years, and in which he had prayed that the said deed be annulled, and in the alternative that it be held to grant two years from November 1, 1905, for the removal of the timber.

With the issues thus made up, the cases were consolidated, went to trial, and the lower court rendered judgment, first in favor of Davis Bros. Lumber Company, sustaining the timber deed as written, but on a second hearing reversed its former decree, and gave judgment in favor of Franks, decreeing him to be the owner of the timber, sustaining his injunction, and dismissing his demands for the timber which had already been cut.

Defendant appealed, and plaintiff has appeared and moved to dismiss the appeal on

the ground of want of jurisdiction ratione materiæ.

## On the Motion to Dismiss.

[1] It is true that the value placed upon the timber by the appellant in its pleadings, $1,000, and the damages claimed, $200, do not amount to enough to give this court jurisdiction on appeal; but we must also consider the allegations with reference to the rights of way for reaching timber on other lands, as seriously made, for it appears to us that they might, under proper conditions, easily possess that value. These rights being inseparably tied up with the question of whether or not Davis Bros. Lumber Company, Limited, still had the right to cut and remove the timber on the lands in dispute at the time of the filing of this suit, we think the value of the property and rights involved are sufficient to give this court jurisdiction.

## On the Merits.

[2-4] The timber contract relied on by Davis Bros. Lumber Company, Limited, and attacked by Franks in this case being the usual form of timber deed in all other respects, we quote only that portion dealing with the time for the removal of the timber, as follows:

"It is especially agreed that, if the said purchaser, its successors or assigns, shall fail to cut and remove said timber from said land within a period of ten years from the date hereof, the said purchaser, its successors or assigns, shall pay all taxes assessed against said lands after the expiration of the said ten years until said timber is cut, and the failure of the purchaser, its successors and assigns, to pay said taxes when legally called on and reasonable notice given will render said purchaser, its successors and assigns, legally indebted unto the said vendor for the full amount of all such taxes that he may pay after the expiration of such ten years until said timber is so cut and removed from said lands, provided that at any time the purchaser may avoid the payment of said taxes by renouncing any and all interest that it may have in said lands and the timber thereon, when the same shall revert to the ven-dor, his heirs or assigns, free from any claims of the said purchaser, its successors or assigns."

As indicated hereinabove, Franks ignored entirely this contract in filing his suit, simply claiming the ownership of the land and timber and treating the lumber company as a trespasser; whereas, in answer to the suit by the latter, he attacked the agreement upon substantially the following grounds:

(1) That through the fraud and misrepresentation of Davis Bros. Lumber Company, Limited, its agents and employés, he was induced to sign the deed with the time limit written therein as ten years, which was done through error on his part, and as the result of said fraud and misrepresentation, when in truth and in fact the time agreed upon had been two years.

(2) In the alternative, that if the court should find the period for removal was ten years, then that it had expired.

(3) That the stipulation for the payment of the taxes upon the land was invalid and unenforceable, for the reason that the said company had not bound itself thereto, and was at liberty to avoid the same whenever it saw fit.

Both the allegations of the said answer and of the petition filed in 1907 for the annulment or reformation of the contract were very general in character, and did not specify any act or acts on the part of any one as constituting the fraud and misrepresentation. However, such proof as was offered on these points was received without objection, except that the deed was the best evidence of the agreement, and which was not, in our opinion, sufficient to exclude it under the circumstances. The evidence shows that some two or three weeks prior to the execution of the timber deed Franks and Davis, the latter representing the lumber company, had some discussion about the sale and purchase of the timber, and that at that time Franks indicated an unwillingness to grant more than two

or three years for the removal of the timber, and that Davis likewise indicated that he would not purchase it under such a short term. Thereafter Franks went out to the logging camp of the lumber company, and the deed was signed on one of its regular forms, containing the stipulation above quoted. Some of the witnesses for the company say that Franks read it, while he and others deny this fact. To say the least, we do not think that he has established the alleged fraud and misrepresentation to such an extent as to relieve himself from the effect of having signed the deed without reading it, even granting that he did so. In the absence of a reasonably strong showing of fraud or error, the document which the parties signed will be presumed to constitute the agreement between them. Watson v. Planters' Bank, 22 La. Ann. 14; Allen, West & Bush v. Whetstone, 35 La. Ann. 846.

[5] On the second point urged by Franks the ten years—that is, from November 1, 1905—had expired when this suit was filed by Davis Bros. Lumber Company, Limited, in February, 1916. Its rights had therefore expired, unless preserved by the provision for the payment of taxes, which we shall discuss under the next or third heading.

Counsel for Franks says that the lumber company was not bound by the stipulation for the payment of the taxes, and hence he was not bound. It is true that, while the clause quoted is so worded that the purchaser of the timber might fail to pay the taxes on the land, and still not be liable to the vendor until a legal demand was made therefor, and that he might escape liability therefor altogether at any time, by renouncing the timber rights; still the contract must be construed as a whole, and in doing so we find that the lumber company paid $500 cash for the timber, placed the deed of record, and at the time Franks' suit was filed was proceeding to cut the timber. Thus there was not only a serious consideration, presently paid for the rights so conveyed, but the deed had been accepted, and Davis Bros. Lumber Company was undoubtedly bound by every obligation imposed upon it therein. We cannot separate the consideration flowing from the purchaser to the vendor, and say that the money paid was given only for the timber and the right to cut and remove it during the period of ten years first stipulated, and that the provision for the payment of taxes was the exclusive consideration for the extension beyond that time. We cannot assume that the lumber company would have been willing to enter into the contract without this provision for extension, and it was certainly within the power of Franks to have refused to grant it, if he had seen fit. The situation in principle is the same as in those cases in which it has been held that a stipulation in a lease contract for renewal, or for the purchase of the leased premises, was enforceable, as a part of the consideration for the lease, even though the lessee had not bound himself to renew or to purchase. Mossy v. Mead, 2 La. 157, 161; Lieuteaud v. Jeanneaud, 20 La. Ann. 327; Murphy v. Hussey, 117 La. 390, 41 South. 692. The clause requiring that the vendor should put the vendee in default by formal demand for the taxes notwithstanding he had assumed to pay them, in order to render the latter liable therefor to the former, was undoubtedly a hard one, but the contract is so written, and our province is to interpret the agreement as made. Franks had the right to demand the payment, and, upon the lumber company's refusal to pay, to have annulled the contract. See, also, Woods v. Union Sawmill Co., 142 La. 554, 77 South. 280.

[6] As to the contention that the indefinite or unlimited period which the lumber company would enjoy under the contract for the removal of the timber by this stipulation would have the effect of taking the land out

of commerce, we think it unnecessary to cite the uniform jurisprudence of this and other courts to the effect that in such circumstances the owner of the land has the right to apply to the courts for the purpose of fixing a reasonable time within which the timber shall be cut.

We do not think the case warrants the allowance of any damages.

For the reasons assigned, the judgment appealed from is therefore annulled and reversed, and it is now ordered and decreed that the writ of injunction issued against Davis Bros. Lumber Company, Limited, be, and the same is hereby, dissolved, that the writ issued in its favor and against Franks be perpetuated, and that its right to cut and remove the timber in accordance with the contract be recognized and sustained, and that Franks' right to sue for taxes upon the land and for the fixing of a reasonable time within which to remove the timber be reserved; Franks to pay all costs.