(100 South. 785)

Nos. 24060, 24552.

## DAVIS BROS. LUMBER CO., Limited, v. SMITHERMAN et al.

(April 30, 1924. Rehearing Denied by Whole Court June 7, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Logs and logging** ⊗⇒3(1)—**Title of purchaser of standing timber held not affected by failure to sign deeds.**

Title to standing timber, for which plaintiff has immediately paid a cash consideration, is not affected by its failure to sign the deeds to it.

2. **Logs and logging** ⊗⇒3(1)—**Provision for extension of period for removal of standing timber not invalid as potestative condition.**

Condition in deed of standing timber, authorizing purchaser to extend period during which he was required to remove same by payment of taxes on the land after the expiration of the period stipulated in the contract, *held* not null and void as a potestative condition, on part of obligor, under Civ. Code, art. 2034.

3. **Logs and logging** ⊗⇒3(1)—**Provision for extension of time for removal of standing timber held supported by sufficient consideration.**

Cash payment made for timber *held* sufficient consideration for provision in contract permitting purchaser to extend time within which same was to be removed by paying taxes after the expiration of the prescribed time.

Appeal from Third Judicial District Court, Parish of Bienville; J. E. Reynolds, Judge.

Suit by the Davis Bros. Lumber Company, Limited, against Boyd Smitherman and others. Judgment for plaintiff, and defendants appeal. Affirmed.

J. E. Smitherman and Smitherman & Tucker, all of Shreveport, for appellants.

Stubbs, Theus, Grisham & Thompson, of Monroe, for appellee.

By Division B, composed of DAWKINS, LAND, and LECHE, JJ.

LECHE, J. Plaintiff bought the standing timber situated upon certain lands in the parish of Bienville, from various persons, for certain recited cash considerations. The sales were passed during the years 1905 and 1906, and each contained the following stipulation:

"It is specially agreed that if the said purchaser, its successors or assigns, shall fail to cut and remove said timber from said land within a period of ·10 years from the date hereof, the said purchaser, its successors or assigns, shall pay all taxes assessed against said land after the expiration of the said ten years until said timber is cut, and the failure of said purchaser, its successors and assigns, to pay said taxes when legally called on and reasonable notice given will render said purchaser, its successors and assigns, legally indebted unto the said vendor for the full amount of all such taxes that he may pay after the expiration of said 10 years until said timber is so cut and removed from said lands: Provided that at any time said purchaser may avoid the payment of said taxes by renouncing any and all interest that it may have in said lands and the timber thereon, when the same shall revert to the vendor, his heirs or assigns, free from any claims of the said purchaser, its successors or assigns."

The acts of sale containing the foregoing stipulation were seasonably recorded in the conveyance records of the parish of Bienville, where the lands are situated and plaintiff took no steps to cut and remove the timber so purchased.

About the year 1919, the owners of the lands or part of the lands, on which the timber was acquired as above recited, by the plaintiff, sold the same timber to C. B. Smitherman, defendant, who shortly thereafter began to cut and remove said timber.

Plaintiff, alleging its ownership of said timber, brought the present suit and enjoined defendant from proceeding any farther in

the cutting and removing of the timber. A preliminary writ of injunction was issued, the injunction was bonded by defendant, and a suspensive appeal was granted to plaintiff from said order to bond. That appeal was lodged in this court and bears the number 24060. The case was subsequently tried on its merits in the district court, decided in favor of plaintiff, and from that judgment defendant has appealed. This appeal was docketed in this court under the number 24552. On joint motion of both parties, these two appeals have been consolidated and are to be disposed of in the same decree.

Defendant in this case relies upon two defenses: (1) That plaintiff did not sign the deeds upon which it bases its title; and (2) that the stipulation granting plaintiff an extension of time beyond 10 years to cut and remove the timber, hereinabove quoted in full, is null and void for containing a potestative condition on the part of the obligor. Article 2034, C. C.

[1] The first defense has no merit. It is not questioned that plaintiff paid a cash consideration when it acquired the timber, and, when it did so, it accepted the contract. Lepine v. Marrero, 116 La. 941, 41 South. 216.

[2] The second is the serious defense in the case. Plaintiff, after acquiring the timber, remained passive, and took no steps to cut or remove the timber. The delay of 10 years expired, and it was about 3 years after the expiration of that delay that the owners of the land, again sold the same timber to defendant. The question then to be decided is whether at the expiration of ten years, the timber reverted to the owners of the land by reason of the nullity of the clause providing a prolongation of the term for the removal of the timber. The condition upon which that prolongation was to be effected had not been complied with, not through the fault of plaintiff, but because

156 LA.—20

the owners of the land never called upon plaintiff to pay the taxes, and therefore never put plaintiff in default. Plaintiff had no opportunity, therefore, to exercise its right, expressly reserved in the stipulation, of renouncing its interest in the timber. But defendant's contention is that the stipulation for prolongation of the time of removal is absolutely null, and therefore that there was no necessity on the part of the owners of the land to attempt to enforce it, and the sale became canceled, and the trees reverted to the owners of the land as soon as the 10 years delay had expired.

[3] Defendant in his argument ignores the fact that the contract must be considered as a whole, and that the stipulation which he attacks is part of that contract; that, besides the consideration depending upon the option of plaintiff to pay taxes, the price paid for the timber was also a consideration, not optional and volitional on the part of plaintiff, but already advanced and paid by plaintiff at the time the contract was executed. This same distinction was made in the case of Franks v. Davis Lumber Co., 146 La. 803, 84 South. 101, where we said:

"We cannot assume that the lumber company would have been willing to enter into the contract without this provision for extension. * * *"

We believe that the extension for removal of the timber was an integral part of the contract, that it was agreed to by the parties, not only in consideration of the future payment by plaintiff of taxes upon the land, but also in consideration of the cash received by the vendors at the execution of the contract. The stipulation cannot be viewed as a separate and distinct agreement, but is in the nature of an option resting upon an actual consideration of which a part had already been paid.

In the case of Saunders v. Busch-Everett, 138 La. 1066, 71 South. 153, we held in effect

that an option to prolong, when paid for, is not a potestative condition.

The term of prolongation in this case is not limited in the contract, but that feature of the contract is not directly questioned. It suffices to say that jurisprudence has settled the mode of terminating the delay within which owners of standing timber should remove the same when no time is fixed in the contract. Woods v. Union Saw Mill Co., 142 La. 554, 77 South. 280.

We are therefore of the opinion that the issue involved in this case should be decided in accordance with the principles announced in Franks v. Davis Lumber Co., 146 La. 803, 84 South. 101, that the contract invoked by plaintiff to support its ownership of the timber in dispute, is not void for depending upon a potestative condition, that the preliminary writ of injunction herein issued should be maintained and perpetuated, and that plaintiff should be recognized as owner of the timber in dispute.

For these reasons the judgment of the district court is affirmed, at the costs of defendant.

Rehearing denied by the WHOLE COURT.