appointing an administrator is null. Taylor v. Williams, supra.

#### IV.

[3] It is therefore clear that the trial judge should have heard testimony as to the domicile of the deceased at the time of his death. If that domicile was in the parish of Orleans, then the judgment of the court of St. Bernard parish is null and the administratrix was properly appointed and should be allowed to proceed with her administration. On the other hand, if the domicile of the deceased was in St. Bernard parish, then the proceedings before the court of that parish were regular and the appointment of an administratrix by the court of the parish of Orleans was null.

We think the trial judge erred in perpetuating the injunction without hearing evidence as to the domicile of the deceased. That, however, would be the only evidence in any way relevant at this time.

#### Decree.

The judgment appealed from is therefore reversed, and it is now ordered that the case be remanded to the lower court for further proceeding in accordance with the views hereinabove expressed.

---

(114 So. 584)

No. 28619.

**CLESI v. COONEY.**

**In re COONEY.**

Oct. 31, 1927.

*(Syllabus by Editorial Staff.)*

1. **Brokers ⬅️82(1)—Petition alleging that defendant made contract depriving plaintiff of authority to sell stated cause of action for commission.**

Allegations of petition in real estate agent's suit for commission that defendant sold property or made such a contract as to deprive plaintiff of authority to sell property during term of his contract, which provided for payment of commission, if property were sold by defendant during term of plaintiff's authorization, disclosed a cause of action.

2. **Brokers ⬅️82(2)—Answer admitting owner's agreement to sell held not admission of liability for commission, in view of qualifying allegation.**

In real estate agent's action for commission, answer admitting that defendant entered into agreement, under which third person acquired right to buy property for less than price stipulated in plaintiff's contract, which provided for payment of commission, if defendant sold property during term of plaintiff's authorization, *held* not an admission of liability, in view of qualifying allegation that such agreement did not interfere with plaintiff's authority to sell for such larger sum during term of his contract, and that plaintiff was so informed.

3. **Brokers ⬅️46 — Stipulation, "commission * * * payable when agreement to purchase is signed," held not to require payment, if owner agreed during contract term to sell thereafter.**

Stipulation, "the commission being earned and payable when agreement to purchase is signed," in contract to pay broker a commission, if he found a buyer or property was sold by owner during term of broker's authorization, *held* not to require payment of commission should owner enter into agreement term of contract to sell property to another after expiration thereof if broker had not sold it or procured purchaser during term.

4. **Brokers ⬅️46—Owner's liability for commission held to depend on whether his contract to sell took away broker's authority to sell.**

Whether making of contract for sale of property by owner, during term of broker's authorization to sell, made owner liable for commission under contract providing for payment thereof, if property were sold by him during such term, *held* to depend on whether it took away from broker his authority to sell during term of his contract.

Certiorari to Court of Appeal; Parish of Orleans.

Action by N. J. Clesi against P. A. Cooney. A judgment for plaintiff was affirmed by the Court of Appeal, and defendant applies for

·certiorari or a writ of review. Judgments annulled, and the case remanded to the civil district court.

Merrick, Schwarz, Guste, Barnett & Redmann, of New Orleans, for plaintiff.

Dart & Dart and H. Grady Price, all of New Orleans, for defendant.

O'NIELL, C. J. This is a suit by a real estate agent to collect a commission, on a written contract annexed to, and made part of, the plaintiff's petition. The contract was made on a printed form, furnished by the plaintiff, viz:

"Phone Main 1265.

"New Orleans, 5/2, 1923.

"N. J. Clesi, Real Estate Agent, City—Dear Sir: I hereby appoint you as my agent and exclusively authorize you to sell the following described property:    *    *    *

"Price to be sixty thousand dollars (or any other amount agreed upon). Terms, all cash. Taxes 1923 to be prorated.

"Should you find a buyer or prove instrumental in finding one, or should the above-mentioned property be sold by me or any other person during the term of this authorization, I will nevertheless pay you 3 per cent. commission on the purchase price for your services rendered; the commission being earned and payable when agreement to purchase is signed. I require a cash deposit of 10 per cent. to bind the sale, and therefore authorize you to collect same. This agreement to be in force 30 days from date hereof.

"Name:               [Signed] P. A. Cooney.
"Address:                208 Godchaux Bldg."

The cause of action, or immediate ground for the suit, was stated in the fifth paragraph of the plaintiff's petition thus:

"That he advised defendant on several occasions of his ability to dispose of this property at the sum of $55,500, but that defendant ·declared to petitioner that he would not be satisfied with same. That, despite the work performed by petitioner, and despite his endeavors, and despite his offer to defendant to dispose of the property at the sum of $55,500, the said P. A. Cooney did, on or about the 11th day of May, 1923, before the expiration of the exclusive contract with petitioner, and without the knowledge or consent of petitioner, enter into a contract with one P. A. Ferrara for the sale of said property for the price and sum of $54,000. That the said contract with P. A. Ferrara provided defendant with a purchaser for this property, who was ready, willing, and able to purchase the property in question at the price of $54,000, and that, according to the exclusive contract of defendant with petitioner, in view of defendant's specific agreement to pay petitioner 3 per cent. commission, if defendant, nevertheless, sold said property himself, or if the said property was sold by some person other than your petitioner, the said petitioner is therefore entitled to be paid by defendant the said commission of 3 per cent. or the sum of $1,620."

The defendant filed an exception of no cause of action, which was overruled. Answering the petition, he admitted that he had signed the contract sued on, but denied that he owed the plaintiff a commission; and, in answer to the fifth paragraph of the petition, he alleged:

"Respondent denies all the allegations contained in article 5 of said petition, save such as may be hereafter admitted. Further answering this article, respondent shows that, while it is true he did enter into an agreement with P. A. Ferrara, under date of May 11, 1923, under which said Ferrara had the right to buy said property at the price and sum of $54,000, on terms of $20,000 cash, balance in one, two, and three years, represented by notes bearing interest at the rate of 7 per cent. per annum, said contract or agreement with said Ferrara did not in any way interfere with the contract between respondent and said plaintiff; that respondent notified plaintiff of this fact, and told plaintiff that he (respondent) was ready to live up to the terms of his contract, and to deliver the property to any purchaser that said Clesi might produce, who would pay $60,000 cash, as provided for in said agreement; that, instead of producing, or attempting to produce, any one at $60,000 cash, said Clesi has never lived up to his contract aforesaid, has never produced any person who would pay $60,000, and has not otherwise tendered performance under said agreement of May 2, 1923, and that this was also true on June 2, 1923, the date on which the contract of employment ceased; that therefore having performed no services within the contemplation of the contract, plaintiff is without right to claim anything from your respondent."

The plaintiff took out a rule on the defendant to show cause why judgment should not be rendered against him on the admissions in his answer to the suit; and, after hearing argument on the rule, the court gave plaintiff a judgment against defendant for the $1,620, which, on appeal to the court of appeal, was affirmed. The case is before us on a writ of review.

[1] The district judge was right in overruling the defendant's exception of no cause of action, for the allegations in article 5 of the plaintiff's petition were, virtually, that the defendant had actually sold the property to Ferrara during the term of the contract with plaintiff, or at least that defendant had made such a contract with Ferrara as to take it out of plaintiff's power and authority to sell the property for $60,000 during the term of his contract. If the defendant did, during the term of his contract with plaintiff, enter into such a contract to sell to Ferrara, as to take away plaintiff's authority to sell the property for $60,000, the defendant, by the terms of his contract with plaintiff, became liable for the commission of 3 per cent. stipulated in the contract. The allegations of the petition therefore did disclose a cause of action.

[2-4] The defendant's answer, however, to the allegations in article 5 of the petition, was not an admission of liability. On the contrary, his admission that he had entered into an agreement with Ferrara, under which the latter acquired the right to buy the property for $54,000, was qualified immediately by the allegation that the agreement with Ferrara did not in any way interfere with the plaintiff's authority to sell the property for $60,000 during the term of his contract, and that the plaintiff was informed that the agreement which defendant had made with Ferrara did not affect plaintiff's right or authority to sell the property during the term of his contract, and thereby earn his commission. We take that to mean that Ferrara's right was to buy the property for $54,000 after the expiration of the defendant's contract with the plaintiff, and provided the latter had not procured a purchaser, in the meantime, ready and willing and able to buy the property for $60,000. There was nothing in the contract between the plaintiff and defendant which forbade the latter, under penalty of 3 per cent. commission, to enter into a contract with any other person to sell him the property at the expiration of the plaintiff's contract, provided the latter had not sold the property in the meantime. Plaintiff relies too much upon the stipulation: "The commission being earned and payable when agreement to purchase is signed." The meaning of that was that, if, within the 30 days, the plaintiff should procure an agreement to purchase the property for $60,000, and "a cash deposit of 10 per cent. to bind the sale," the 3 per cent. commission would be thereby earned, and would be payable out of the cash deposit of 10 per cent. even though a reasonable time beyond the 30 days might be allowed for examination of the title before signing the deed and paying the balance of the price. The stipulation could not reasonably mean that the defendant would incur the penalty of having to pay the plaintiff 3 per cent. commission if, during the term of the contract, he entered into an agreement to sell the property to some one else after the expiration of the plaintiff's contract, provided the latter had not sold the property or procured a purchaser during the term of his contract. The conditions on which plaintiff was to be entitled to the 3 per cent. commission, as stated in the contract, were that plaintiff should sell the property, or find a buyer, or prove instrumental in finding one, at $60,000, or any other price consented to by defendant, during the 30 days' term of the contract, "or should the above-mentioned property be sold by me [defendant] or any

other person during the term of this author-ization." The defendant does not admit in his answer to the suit that the property was sold by him or any other person during the term of the authorization held by the plaintiff. The defendant is entitled to a hearing upon his allegations in that respect. He has not produced, or been called upon to produce, the evidence of his contract with Ferrara. Whether the making of that contract made the defendant liable to pay the plaintiff a commission of 3 per cent. under the latter's contract depends upon whether the making of the contract with Ferrara took away from the plaintiff his authority to sell the property during the term of his contract.

The judgment of the civil district court and of the Court of Appeal is annulled, and the case is ordered remanded to the civil district court for trial on its merits. The plaintiff is to pay the costs already incurred in the Court of Appeal and in this court; the liability for other court costs will depend upon the final judgment.