## DOLL v. THOELE

———

(February 17, 1930. Opinion and Decree.)

———

Fred Zengel, Jr., of New Orleans, attorney for plaintiff, appellee.

Marion G. Seeber, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. Plaintiff sued defendant for the sum of $324 commission alleged to have been earned as a real estate broker under a written contract entered into with the defendant on August 8, 1927. In the contract the defendant appointed plaintiff as the exclusive agent to sell his property within a period of six months and agreed to pay commission upon any sale made to any one to whom the property had been quoted during the term of the contract or within forty-five days after the expiration or termination of the contract. The defendant also agreed to refer all applicants to the plaintiff and not to interfere with the sale of the property during the term of the contract.

The petition alleged that the plaintiff carried out his portion of the agreement, but that the defendant on November 14,

1927, during the life of the contract and without the knowledge and consent of the plaintiff, sold the property to one Oliver J. Buckingham, for the sum of $8,100; and that this sale divested the plaintiff of his authority to sell the property during the remaining term of the contract; and that therefore plaintiff's commission of 4 per cent. of the purchase price of the property under the terms and provisions of the contract was earned.

Defendant filed an exception of no cause of action which was overruled. He then answered plaintiff's petition denying liability. Allegations 3 and 5 of defendant's answer reads as follows:

"No. 3. Defendant denies the allegations of Paragraph No. 3 of plaintiff's petition, except to say that it was understood and agreed that the period of the contract which respondent signed was to be for three months and not six months. But if the contract states six months it was obtained by plaintiff's agent (a Mr. Ryan), through fraud and misrepresentation."

"No. 5. Defendant denies the allegations of Paragraph No. 5 of plaintiff's petition, except that he made a transfer of said property to Oliver J. Buckingham, for the purpose of obtaining a loan on same and merely placed the said property in the name of Oliver J. Buckingham, who is a brother-in-law of respondent for convenience only as will appear from the counter letter by Oliver J. Buckingham acknowledging Joseph G. Thoele as the owner of said property and said property being placed in his name for convenience only, dated November 14th, 1927. Said counter letter is annexed hereto, and made part hereof, which counter letter is marked Exhibit 'B' for identification, the said plaintiff was informed of this."

On the trial on the merits plaintiff as a witness testified that he had carried out his portion of the agreement and that the defendant had violated the terms and provisions of the contract by selling the property without his consent or knowledge for the sum of $8,100 on November 14, 1927. He further testified that the real estate salesman who handled the transaction with defendant died before the case was tried; that the defendant had previously purchased the property in question through the plaintiff for the sum of $14,700; and that Mr. Ryan, the real estate salesman, had been informed through a friend that the property had been sold, and when Ryan rang up defendant about the sale he denied that the property had been sold. The plaintiff offered the contract in evidence and rested his case.

The defendant then took the stand as a witness in his own behalf and attempted to show by parol evidence that it was agreed between Ryan, the salesman, and himself, that the contract was to be for three months and not six months. The witness then started to testify that he signed the regular printed card which was to contain the agreement, in blank, and agreed that Ryan was to fill it out so as to provide for the listing of the property for three months, and that Ryan filled it out for six months.

Counsel for the plaintiff then objected to the evidence on the ground that a written contract merges all previous negotiations before the signing and that the contract itself is the best evidence. The court sustained the objection for the reason that the sanctity of a written contract would vanish if a party to it were permitted to say that he signed the contract in blank and the other party filled it out different from the actual agreement.

Counsel for the defendant then attempted to prove that the sale of November 14, 1927, while in the form of a notarial act of sale, was as matter of fact not a sale, but that the title of the property had been transferred simply as a matter of conve-

nience to the defendant for the purpose of obtaining a loan of $8,000, as evidenced by a counter letter dated the same day as the sale, which counsel for the defendant offered in evidence.

Counsel for plaintiff objected to this testimony and to the offer of the counter letter in evidence on the ground that the counter letter was only binding on the parties to it; that it had never been recorded; that defendant never notified plaintiff of the counter letter; and that the document was not offered to be filed until the trial of the case. The objections were sustained by the trial court.

Counsel for defendant then placed Oliver J. Buckingham on the stand and sought to elicit from him whether the sale of November 14, 1927, was a bona fide sale or a transfer of the title of the property for the convenience of the defendant as shown by the counter letter. The court again sustained counsel for plaintiff's objection, ruling that this testimony was inadmissible.

There was judgment in favor of plaintiff for the amount prayed for, plus 25 per cent. additional as attorney's fees, and defendant has appealed.

We shall discuss the rulings of the court in the order above stated.

It is to be noted that paragraph 3 of the defendant's answer admits signing a contract for a period of three months with the plaintiff, but alleges that, if the contract contained a provision that it was to be effective for six months, such contract was obtained through fraud and misrepresentation. The district judge's ruling prevented defendant from offering evidence in support of this allegation of his answer.

In the case of Davis Bros. Lumber Co., Ltd., vs. Franks, 146 La. 803, 84 So. 101, 103, Franks executed a written timber deed in favor of the Davis Brothers Lumber Company which provided that the plaintiff would have a time limit of ten years within which to remove the timber. It appears that the deed was executed upon one of the lumber company's regular forms and the evidence was conflicting as to whether Franks read it before signing it. The defendant attacked the agreement upon the grounds of fraud and misrepresentation, alleging that he was induced to sign the deed with a time limit of ten years, whereas it was agreed and understood that the time limit would be only two years. Parol evidence was offered in support of the defense of fraud and misrepresentation, and objection was made on the ground that the deed was the best evidence of the agreement. The court admitted the evidence, and the Supreme Court held that, in its opinion, such objection was not sufficient to exclude the parol evidence under the circumstances, and, on the merits of the case, the court found:

"In the absence of a reasonably strong showing of fraud or error, the document which the parties signed will be presumed to constitute the agreement between them. Watson v. Planters' Bank, 22 La. Ann. 14; Allen, West & Bush v. Whetstone, 35 La. Ann. 846."

In short, the court held, where a written instrument is alleged to be invalid for fraud or misrepresentation in its procurement, oral testimony is admissible to show the circumstances of its execution, but the parol evidence to establish fraud or misrepresentation must be reasonably strong.

In the case of the Great Eastern Oil &

Refining Co. vs. Bullock, 151 La. 210, 91 So. 680, 681, the court said:

"Of course parol evidence is not admissible to vary the contents of the written deed so as to introduce therein any guaranty that the lease would continue to produce any particular quantity of oil; for the written instrument contains no such guaranty.

"On the other hand, parol evidence would be admissible to show any misrepresentation of conditions actually existing or which had existed before; for the vendor who misrepresents the thing sold is guilty of fraud. C. C. 2547."

In the case of Greco vs. Catalano, No. 7281 of the docket of this court, unreported (see Louisiana and Southern Digest), La. Digest Supp. vol. 8, verbo "Evidence," par. 252, this court held:

"Where a written instrument is alleged to be invalid for fraud in its procurement, or for any other reason, oral testimony is admissible to show the circumstances of its execution."

We are therefore of the opinion that the evidence offered by the defendant, tending to prove fraud or misrepresentation in the procurement of the contract, was admissible.

We next pass to a consideration of the court's ruling with reference to rejection of the evidence offered by the defendant with reference to the sale and counter letter of November 14, 1927. The contract between plaintiff and defendant is a standard exclusive agency contract of the multiple listing system of the New Orleans Real Estate Association. Defendant employed the plaintiff for the purpose of selling the property for $14,750 "all cash." The primary purpose of the contract, as far as defendant is concerned, was to sell the property and, as far as plaintiff is concerned, was to earn a commission of

4 per cent. on the purchase price. Plaintiff predicates his right of recovery against defendant on the ground that during the life of the contract defendant sold the property, and therefore violated a provision of the contract as follows:

"I agree to refer all applicants to you and not to interfere in the sale of said property, during the term of this contract."

Plaintiff contends that defendant, by virtue of the sale of November 14, 1927, placed himself in a position where he was unable to comply with his agreement, and that plaintiff was under no further obligation to make any further effort to secure a purchaser for the property and was entitled to recover a commission of 4 per cent. on the selling price of $8,100.

Defendant contends that, while the transaction of November 14, 1927, whereby he transferred the title to the property to Oliver J. Buckingham, his brother-in-law, for the sum of $8,100—$100 cash and a note for $8,000—was not a sale, but in fact and truth simply a transfer of the property for the convenience of the defendant for the purpose of obtaining a loan of $8,000 which his brother-in-law, Buckingham, was in a better position to obtain than himself, he had not breached his contract because Buckingham was not a purchaser of the property or the owner of it, and that he had not interfered with the sale of the property by the plaintiff during the term of the contract because he was, at all times, ready, willing, and able to carry out the contract if plaintiff obtained a purchaser for the property.

It is to be noted that in paragraph 5 of the answer, it is alleged that plaintiff was informed of the transaction of November 14, 1927, and of the counter letter in connection therewith. While the plaintiff was

on the stand he denied that he had received any written notice of the transaction.

The ruling of the district court prevented defendant from making his defense alleged in article 5 of the answer, and from rebutting plaintiff's evidence that he did not receive notice of the transaction from defendant. We are unable to agree with our learned brother, a quo, that the evidence tendered on this issue was inadmissible.

Defendant was entitled to prove, if he were able, that the transaction involving the sale and counter letter of November 14, 1927, was bona fide and simply done for the purpose of accommodating himself in securing a loan on the property, and was in fact and truth not a sale of the property. We are of the opinion that such a defense would be a bar to the right of plaintiff to recover under the terms and provisions of the contract sued upon. If Buckingham were not a bona fide purchaser of the property, defendant did not owe plaintiff any obligation of referring Buckingham as an applicant to him · for the purchase of the property. If the transfer of the property of November 14, 1927, was not a sale, then defendant has neither interfered with plaintiff nor prevented him from carrying out the contract, and has not placed himself in a position, where he cannot comply with his contract, as he still had "jus disponendi" of the property and would be in a position to transfer the title to any purchaser that the plaintiff might produce.

In the case of Clesi vs. Cooney, 164 La. 658, 114 So. 584, the Supreme Court said:

"Whether making of contract for sale of property by owner, during term of broker's authorization to sell, made owner liable for commission under contract providing for payment thereof, if property were sold by him during such term, held to depend on whether it took away from broker his authority to sell during term of his contract."

See also O'Neal vs. Southland Lumber Co., 168 La. 235, 121 So. 755; Mathews Bros. vs. Bernius (No. 30341 of the docket of the Supreme Court) 126 So. ──────, decided February 3, 1930.

Counsel for plaintiff has referred us to Freeman vs. Diboll, 11 Orl. App. 199, Kostmayer vs. Landry, 18 Orl. App. 385, holding that:

"Where the contract of a real estate broker confers upon him the exclusive agency to sell the property and negatives the right of the owner to sell or negotiate for its sale, the broker is entitled to his commission if, during the term of the contract, a sale is effected by the owner or by another broker on the latter's behalf."

We do not consider these cases controlling here unless the evidence would show that the transfer by defendant to Buckingham was a bona fide sale of the property.

The arguments advanced by counsel for the plaintiff may be cogent reasons for questioning the credibility and weight to be given defendant's evidence on the issues raised by the answer, but do not affect the admissibility of the evidence tendered.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be annulled, avoided, and reversed, and the case remanded to the lower court for further legal proceedings not inconsistent with the views herein expressed.