O’NIELL, C. J.
 

 This suit is brought by a real estate broker claiming a commission of $1,200; that IS, 4 per cent, on $30,000. The ease was tried by
 
 *91
 
 a jury, at the request of the defendant, and the jury gave a verdict for the plaintiff for the $1,200, with legal interest from judicial demand. Judgment was rendered accordingly. The Court of Appeal (126¡ So. 264) reversed the judgment and rejected the plaintiff’s demand; Judge Janvier dissenting. The case is here on a writ of review.
 

 The suit is founded upon a written contract, by which the defendant employed the plaintiff as her exclusive agent to sell her property for $32,000 cash, “or for any other price or terms hereafter, agreed upon,” and agreed to pay plaintiff a commission of 4 per cent, “on the gross amount of any agreement to sell or exchange bearing on said property,” made during the existence of the contract, “or on the gross amount of any such agreement made within forty-five days after the expiration or termination of this contract, with any one to whom said property has been quoted during the term of this contract.” The contract contained also an agreement on the part of Mrs. Friedman to refer all applicants to the agent, Alex F. Dreyfus Company, Inc., and not to interfere in the sale of the property during the term of the contract. It was stipulated that the contract was to remain in force for a period of 30 days. On the third day after the expiration of the 30-day period, Mrs. Friedman, through another real estate agent, transferred the property to one Max Hochfelder, at the valuation of $30,000, in exchange for his property valued at $103,000; Hochfelder receiving the difference, $73,000, in cash. The plaintiff, Alex F. Dreyfus Company, during the 30-day period, had been negotiating with Hochfelder for the sale of Mrs. Friedman’s property to him, or for an exchange of her property for his, and had informed her of the negotiations before the 30-day term had expired. This suit is therefore based upon the clause in the contract, by which Mrs. Friedman agreed to pay Alex F. Dreyfus Company, Inc., the commission of 4 per cent, on the gross amount of any agreement of sale-or exchange of her property, for any price agreed upon, within 45 days after the expiration of the 30-day -term of the contract, to any one to whom the Dreyfus Company had quoted the property during the 30-day term of the contract. The two judges of the Court of Appeal who concurred in the decision of this case declared, in the prevailing opinion which they rendered, that they would affirm the judgment of the civil district court if the case could be distinguished from Clesi v. Cooney, 164 La. 657, 114 So. 584. In that ease, Cooney employed Clesi as his exclusive agent, for the period of 30 days, to sell Cooney’s property for $60,000 cash, “or any other amount agreed upon.” The stipulation for the payment of a commission was: “Should you [Clesi] find a buyer or prove instrumental in finding one, or should the above-mentioned property be sold by me [Cooney] or any other person during the term of this authorization. I will nevertheless pay you 3 per cent, commission on the purchase price for your services rendered; the commission being earned and payable when agreement to purchase is signed.” During the 30-day term of the contract, Cooney made an agreement with P. A. Ferrara to sell him the property for $54,000 after the expiration of the contract, if Clesi did not succeed in selling it for $60,000 in the meantime; and Cooney immediately notified Clesi of the agreement with Ferrara. Clesi did not succeed in selling the property, and at the end of the 30 days Cooney carried out his agreement to sell it to Ferrara for $54,000. Clesi sued Cooney for a commission of 3 per cent, on the $54,000. The facts which we have stated being admitted in the pleadings, judgment was rendered in favor of Clesi on a rule taken out by him, and was affirmed by the Court of Appeal. On
 
 *93
 
 a review of tlie case this court set aside the judgment and remanded the case for trial on its merits, saying that the contract made by Cooney with Ferrara during the term of the contract with Clesi did not render Cooney liable to pay a commission to desi, unless it interfered with Olesi’s right to sell the property and thereby earn the commission during the term of the contract. The present suit is not founded upon any act of interference by Mrs. Friedman with the right of Alex F. Dreyfus Company, Inc., to earn the commission of 4 per cent, by selling Mrs. Friedman’s property during the 80-day term of the contract. It is founded upon a provision in her contract, which was not in Cooney’s contract with Clesi, viz. that she would pay the stipulated commission, not only on any sale or exchange of her property brought about by her agent during the 30-day term of the contract, but likewise on the amount of any sale or exchange of her property made by her within 45 days after the expiration of the contract, to 'any one to whom the property had been quoted by her agent during the term of the contract. We do not find any good reason why Mrs. Friedman should not be bound by that stipulation in her contract.
 

 Counsel for Mrs. Friedman cite also O’Neal v. Southland Lumber Co., 168 La. 235, 121 So. 755. In that case the lumber company employed O’Neal as its exclusive agent for 6 months to sell the company’s property for $75,000, and agreed to pay him a stipulated commission, not only in the event of his selling the property during the 6 months, but also in the event of the lumber company’s selling it within 6 months after the expiration, of the six-month term of the contract. Less than five months after signing the contract, the lumber company sold the property to M. A. Stanton for $71,000, and at the same time signed a separate agreement with Stanton that he should transfer the property for $75,-000 to any one named by O’Neal at any time during the term of the contract; and O’Neal was immediately notified of the agreement and of Stanton’s readiness to carry out the lumber company’s original agreement to sell the property for $75,000 to any one named by O’Neal during the term of the contract. O’Neal made no further attempt to sell the property, but sued for a commission on the $71,000 for which the lumber company had sold the property to Stanton. The district court decided against O’Neal, and the decision was affirmed on appeal, first, because the sale made by the lumber company to Stanton was not made to one to whom O’Neal had offered the property, and, second, because the sale made by the lumber company to Stanton for $71,000 did not interfere with O’Neal’s right to earn his commission by selling the property for $75,000 during the term of the contract. In the latter respect the ease was like Clesi v. Cooney; but it was unlike the present case, in that the lumber company was not obliged — as Mrs. Friedman was — to refer all applicants for the purchase of the property to the agent.
 

 The plaintiff claimed an attorney’s fee, under the contract, but the fee was not allowed by the verdict of the jury, and no application was made by plaintiff for a new trial. On the contrary, the application of the defendant for a new trial was resisted. We decline, therefore, to amend the judgment of the civil district court in that respect, even though plaintiff renewed the demand for the attorney’s fee in answer to the defendant’s appeal in the Court of Appeal.
 

 The judgment of the Court of Appeal is annulled, and the judgment of the civil district court is reinstated and affirmed at defendant’s cost.