Plaintiff alleged that on April 8, 1941, he purchased from defendants a certain lot of land situated at the northwest corner of Normal Avenue and Caspari Street in the City of Natchitoches, Louisiana. That on the plot of land are located three houses, viz., a large two-story house, a garage apartment and a small house on the back of the plot; and in addition thereto there is a small sandwich shop located on the same plot. That the sale included all the furniture located in the small house on the rear of the lot and the large two-story house, except some furniture in the room occupied by defendants; and that since the sale defendants have removed from the premises all the furniture not sold to plaintiff. He further alleged that defendants now refuse to deliver possession of the furniture located in the houses to plaintiff, threaten to move it away and have attempted to move said furniture from the premises.
Plaintiff further alleged it was within the power of defendants to remove said furniture from the premises and to sell, part with or dispose of it; and that a writ of sequestration was necessary to protect his rights in the premises. He prayed for a writ of sequestration to issue and that it be maintained on trial of the case and that he have and recover judgment recognizing him as owner of the furniture now on the premises which he purchased from defendants.
In answer defendants denied that they sold any furniture to plaintiff; denied they attempted to remove the furniture from the premises and were stopped by threats of arrest made by the Chief of Police of the City of Natchitoches at the instance of plaintiff. They prayed that plaintiff's demands be denied; that his suit be dismissed and that their rights to proceed against plaintiff for the damages caused them by his unlawful acts be reserved to them.
The lower court rejected plaintiff's demands and he is prosecuting this appeal. Defendants are apparently satisfied with the judgment below as they have not answered the appeal.
Defendants offered the property located as above set forth for sale and plaintiff wanted to purchase it. After numerous conversations relative to price and other conditions, they agreed on a price of $10,000 and then went to the office of plaintiff's lawyer to have the necessary deed prepared. The agreement was stated to plaintiff's lawyer and he prepared a deed. A third person was financing plaintiff in making the purchase and requested that the deed be submitted to his attorney for examination, which was done. All parties concerned met in this last mentioned lawyer's office where the deed was read, signed and executed.
The property transferred by the deed is described as — "a parcel or plot of ground in the City of Natchitoches, Louisiana, situated on the northwest corner of Caspari Street and Normal Avenue, with all buildings and improvements thereon." It then very definitely describes the lot by metes and bounds, but does not make mention of any furniture.
On trial of the case plaintiff attempted to testify that the furniture claimed by him was included in this sale. He contends that the lot, improvements and furniture were all included in the same deal and were covered by the one consideration of $10,000. When this testimony was offered defendants objected on the ground and for the reason that the deed is the best evidence of what their contract was; that parol evidence is not admissible to vary, contradict or add to the act of sale or to show what was said before, at the time of or subsequent to its execution. In connection with the objection defendants offered the act of sale above described.
The lower court allowed the testimony subject to the objection and then sustained the objection and rendered judgment for defendants rejecting plaintiff's demands.
The evidence, if admissible, clearly preponderates in favor of plaintiff's contentions, but it is our opinion that the lower court correctly ruled that it was not admissible. Revised Civil Code, Articles 2276 and 2277.
Plaintiff does not allege error or fraud in the confection of the deed but simply *Page 322 
contends that the deed does not contain all of the contract.
A case parallel to the one at bar is Trcka v. Bragmans Bluff Lumber Company, Inc., 174 La. 631, 141 So. 81, 82, and in that case the Court said:
"The evidence was properly rejected. The oral contract in question, was not, according to the averment of it in the answer, a separate, independent, collateral contract, but part and parcel of the contract sued on. In other words, the said averments are, in effect, that the written instrument does not embody the entire agreement of the parties, as that agreement stood at the time the instrument was executed; but embodies only part of the agreement; that, in addition to paying the price stipulated for the lumber, the plaintiff company was to make an advance of money to aid defendant in its business; and that that part of the agreement was left out of the written instrument. If, after having drawn up a writing for the purpose of serving as complete evidence of their contract, parties were allowed thus to modify the contract by oral evidence, it is not seen what would become of the statute, article 2276, Civil Code: `Neither shall parol evidence be admitted against or beyond what is contained in the acts, or at the time of making them, or since.'
"In this connection, we cite Bank of Napoleonville v. Knobloch Rainold, 144 La. 100, 80 So. 214; Franks v. Davis Bros. Lumber Co., 146 La. 803, 84 So. 101; Jackson Brewing Co. v. Wagner,117 La. 875, 42 So. 356; Seitz v. Brewers' Ref. Company,141 U.S. 510, 12 S.Ct. 46, 35 L.Ed. 837; C.J. vol. 22, Evidence, § 1717; R.C.L. vol. 10, Evidence, § 211.
"Plaintiff cites no case holding to the contrary. The court correctly maintained the defendant's exception of no cause of action, and properly excluded the testimony offered for the purpose of proving the alleged oral agreement."
In Cary v. Richardson, 35 La.Ann. 505, the Court said:
"`Where parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that such engagement of the parties and the extent and manner of their undertaking was reduced to writing, and all oral testimony of a previous colloquium between the parties, or of conversations or declarations at the time when it was completed, or afterwards is rejected, as it would tend, in many cases, to substitute a new and different contract for the one which was really agreed upon, to the prejudice possibly of one of the parties.'
"In other words:
"`Parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument.'"
We therefore conclude that the ruling of the lower court on the admissibility of parol testimony was correct and that its judgment rejecting plaintiff's demands is also correct. It is therefore affirmed, with costs.
TALIAFERRO and HAMITER, JJ., concur.