No. 1871.—MATTHEW WATSON *v.* THE PLANTERS' BANK OF TENNESSEE.

A party seeking to avoid a contract on the ground of error must show that fraud, force or improper influences were perpetrated by the other contracting party. The allegation that he signed the written contract without reading it or knowing its contents, will not relieve him under the plea of error.

APPEAL from the Fourth District Court of New Orleans. *Théard,* J. *Sullivan, Billings & Hughes,* for plaintiff and appellee. *Thomas Hunton,* for defendant and appellant.

HOWELL, J. The plaintiff alleges that in July, 1863, he made an agreement with W. A. Johnson, as agent of the Planters' Bank of Tennessee, to invest a large sum of Confederate treasury notes in cotton, which the said bank was to sell and pay to him an equal part of the proceeds thereof; that on the first of August following he signed a written agreement or contract in the premises, without reading it, believing it to contain the terms of the agreement made by him, and that he made the investment and shipped the cotton in accordance with his understanding of the contract; that the cotton was sold, and his share of the proceeds amounted to over $20,000; but that, to his surprise, when, in 1866, he demanded his portion and, for the first time, read the written contract, he found it to vary materially from the terms agreed on, and that by it he was to receive only one-third of the profits after refunding the sum advanced by the Planters' Bank. He avers that he signed the said document in error, and never would have signed it had he known the terms thereof, and he asks judgment against the bank for the sum due him under the contract as set out by him. The answer sets up a general denial, admits the adventure, and maintains the written contract under which plaintiff has been paid.

The plaintiff has failed to allege or prove such error as will relieve him. The only error alleged is in signing a written contract without reading it, believing it to contain the terms of an agreement as he had understood them, which, in the absence of any charge or proof of fraud, force or improper influences upon the part of the other contracting party, is not an error from which the law will relieve him. C. C. 1818, 1841.

In this case the plaintiff has no one but himself to blame for signing an agreement different from the one which he says he agreed to make. It was made out in duplicate and left with a third party for the plaintiff to sign, which he did in the presence of said third party, and without any representations or statements authorized by the defendant or agent.

The written contract is sustained by the testimony of the agent as correct, and under it the plaintiff has received his portion of the profits, except a small balance in the hands of the agent, who holds it, as he did the whole amount, subject to the order of plaintiff.

Is is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendant, with costs in both courts.