OVERTON. J.
The purpose of this suit is to annul, on the ground of fraud, a transfer of stock made by plaintiff to defendant. The suit was dismissed on an exception of no cause of action, and from the judgment dismissing it, plaintiff has appealed.
The petition sets forth that on February 4,1918, plaintiff was one of the five stockholders of the Crescent City Ice Manufacturing Company, Incorporated; that defendant, Joseph Vacarro, was also one of them, and besides was a large creditor of the corporation. The petition then recites that—
Shortly prior .to the date mentioned, “Joseph Vacarro (the defendant) approached petitioner and said that he wanted to buy his stock, and upon petitioner informing him that the stock was not for sale,'he said that he intended to purchase the stock of all the other stockholders and become the sole owner of the company and offered to your petitioner $15,000 for his "stock, stating that the same amount was to be received by the other stockholders” (naming them).
“That on petitioner still refusing to sell his stock, Joseph Vacarro told him that unless petitioner and the other stockholders sold their stock to him that he would proceed on his claims as a creditor against the company, to sell out the assets of the company, acquire same and shut out the stockholders absolutely, and that as the said corporation did not have the money in hand to pay the debts due to the said Joseph Vacarro he would have been able to carry out his plan.
“That your petitioner not desiring to lose everything that he had in said company, believing the representations of said Joseph Vacarro, transferred his.stock, IK) shares, to the said Joseph Vacarro and received from him his check for the sum of fifteen thousand dollars, less the sum of $2,087.84, which petitioner owed him on another account and which petitioner is ready and willing to pay on demand.”
The petition then set forth that instead of the stockholders selling their stock to Vaearro, as the latter informed plaintiff they would, they transferred it to him, only nominally, receiving it back immediately after-wards ; that the sole purpose of Vacarro was to deprive plaintiff of his stock, and acquire it himself; that if plaintiff had not believed ^he representations made to him, he would not have sold the stock, and. that so soon as he discovered “the facts of the case,” he repudiated the transaction, tendered the check received by him to Vacarro, and demanded the return of his stock, which demand was refused. The petition then recites that the stock at the time of the transfer was worth $50,000.
In his supplemental brief filed in this case, plaintiff says:
“In the instant ease, the allegations of the petition show that the moving cause and the sole cause of plaintiff selling his stock to the defendant'was the false representation that the other stockholders had agreed to sell their stock.
“The threat of suit by the defendant wafe not that he would bring suit if the plaintiff would not sell his stock, but that he would bring suit if all of the stockholders would not sell their stock, and his statement was that all had agreed to this except plaintiff, so that the threat of suit was against all and not against the plaintiff alone, and the thrqat of suit without the statement of purchase from the other stockholders would not have induced the plaintiff to sell.”
We are unable to take the view, under the allegations of the petition, that the reason why plaintiff sold his stock was that defendant had represented to him that the other stockholders would sell their shares, for the petition distinctly alleges that when defendant informed, plaintiff of his intention to purchase • the stock of the others at the same price as that' offered him, plaintiff refused to sell; and it was not until the threat of suit was made, as appears from the petition, that plaintiff consented to the sale, and made the transfer.
*367 In order to annul a contract for fraud, the error superinduced by the fraudulent representation must be such as reasonably may be presumed to have influenced the party, alleging the fraud, to make the contract. Civil Code, art. 1847. In this instance, it cannot be said that the representation made by defendant of his intention to acquire the stock of the other shareholders induced plaintiff to sell, for, as stated, the petition fairly negatives any such idea or inference.
We are, moreover, unable to entertain the view, under the allegations of the petition, that, had defendant not made the statement concerning the purchase of the other stock, the threat of suit would not have induced plaintiff to sell, as now contended for by him. We think, as above stated, that the petition does not justify that interpretation.
Under our interpretation of the pleadings, the sale was brought about by the threat of legal proceedings against the corporation, and of the seizure and sale of its property to satisfy defendant’s debt. The petition, as above shown, does not disclose that plaintiff was influenced, by that threat in so far as it affected others. To the .contrary, as he substantially alleges, it was .his fear' of the loss to him in the event the suit should be filed and the property of the corporation seized and sold that influenced his action. There is no allegation that defendant had no intention of instituting the suit, had plaintiff refused to sell. At best, plaintiff shows, in respect to the fraudulent character of the threat, that defendant did not intend to acquire the stock of the others by threats or otherwise, and that his representations to the effect that he did so intend were untrue.
While plaintiff does not insist that we pass upon the question of mere threats as affecting the validity of a contract, yet as the petition presents such a question, we think it preferable to pass on it.
Generally speaking, when consent is obtained to a contract by threats, the contract ■may be annulled; but, if the threats be “only of doing that which the party using them had a right to do,” they are not cause for annulling it. Thus, threats of a just and legal imprisonment, or “of any measure authorized by law and by the circumstances of the case, are of this description.” How.ever, if the mere forms of law be used to cover coercive proceedings for an unjust and illegal cause, or if they be threatened to obtain the consent of a party to a contract, the contract may be annulled. Thus threats to have one arrested when there is no cause for the arrest, are of this nature. Civil Code, arts. 1852, 1856, and 1857.
In this case, the petition discloses that defendant was a large creditor of the corporation. As such he had a legal right to sue it. When, therefore, he notified plaintiff of his intention to sue, seize, and sell the corporate property, unless plaintiff sold his stock to him, he gave no cause to annul the contract. Bradford v. Brown, 11 Mart. (O. S.) 217 ; Benner v. Van Norden, 27 La. Ann. 473 ; Couder v. Oteri, 34 La. Ann. 697.
Eor the reasons assigned, the judgment appealed, from is affirmed, at appellant’s costs.