**MOSSLER v. CAPITAL CITY AUTO CO., Inc.** [*]

**No. 14520.**

Court of Appeal of Louisiana. Orleans.

Oct. 30, 1933.

---

*Rehearing denied November 27, 1933.

Herbert W. Kaiser and John H. Hammel, Jr., both of New Orleans, for appellant.

R. J. Weinmann, of New Orleans, for appellee.

HIGGINS, Judge.

This is a suit on a contract given in connection with the sale of a chattel mortgage note by the defendant to the plaintiff, wherein plaintiff seeks to recover the balance due on the promissory note, $303.52, as the result of the defendant's alleged misrepresentations of fact in the contract. The defendant denied that there had been any deception and, in the alternative, averred that the erroneous statements were not material and that the plaintiff did not rely upon them in purchasing the note.

There was judgment for the plaintiff, as prayed for, and the defendant has appealed.

The plaintiff is engaged in business in this city in financing the purchase of automobiles upon promissory notes secured by chattel mortgages thereon. The defendant is a dealer in Studebaker automobiles and as such sells used cars received in trade. On or about January 25, 1932, one of the defendant's salesmen sold a used Pontiac automobile to a customer. The defendant's record, which was submitted to the plaintiff, showed that the sale price of the car was $325, represented in part by a cash payment of $15 and a $60 trade-in allowance on an old car; whereas actually, the purported $15 cash payment was represented by a note given by the purchaser to the salesman and charged against the salesman's commission, and the value of the traded car, which was described as junk, was $5. This record also showed that the defendant had not submitted the proposition of financing the sale to any other finance company, when, as a matter of fact, it had previously submitted the proposal to two other finance companies, which rejected the offer. The purchaser of the car failed to pay his installments and surrendered the car in a damaged condition to the plaintiff. This suit followed.

The contract sued upon and given in connection with the indorsement or negotiation, without recourse, of the note to the plaintiff, reads as follows:

### Dealer's Statement

"Mossler Acceptance Co.—

"For the purpose of inducing you to purchase a note signed by the above named purchaser, the undersigned certifies that said note arose from the sale of the following described property. The undersigned warrants that the Motor and Serial Number listed hereon or other marks of identification appearing in this statement and Mortgage form pertaining to this transaction are correct; that the title to the aforesaid property rests in the undersigned; that the undersigned has the right to assign such title; that the aforesaid property is free from any lien and/or encumbrances whatever; that the purchaser is of lawful age and has capacity to contract; that the down payment has been made in actual cash except trade as shown below; that the car is new in every respect (if described as new); that this offering has not been previously submitted to any other finance company except as follows—none— That there has not been any special or side notes taken; or discount given; that there has not been an allowance or loan made by our salesman or ourselves to purchaser; or special allowance made on the Used Car to inflate the down payment except as follows— none—If these conditions have been violated I, (or we) bind myself (ourselves) on default of the purchaser, (1) to pay the entire outstanding balance on this note upon demand of the Mossler Acceptance Company or holders thereof, and to further indemnify them for any loss sustained; or (2) I, (or we) authorize Mossler Acceptance Company or holders thereof, at their option on default of purchaser, to recover and take back said motor vehicle by suit or voluntary release, repair the said motor vehicle and sell it at public or private sale; and I, (or we) bind and obligate myself (ourselves) to pay the balance due on said note after the proceeds of said sale, less repairs and sale cost, have been credited on said note. (Then appear the figures showing the proposed sale of the Pontiac to Estrade.)

"[Signed] Capital City Auto Co., Inc.
      "By Ruth L. Virgets, Cashier."

It is clear to us that the contract was breached by the defendant, in that four material misrepresentations were proven: First, that the purchaser of the car paid no cash in the transaction; secondly, that the trade-

in allowance was grossly inflated; thirdly, that the salesman took a special or side note for $15, making a loan of this sum to the purchaser; and, fourthly, that the proposition had been submitted to two other finance companies, which declined to make the loan.

Did the plaintiff, in purchasing the note, rely upon the dealer's statement containing these erroneous facts? The evidence is overwhelmingly to the effect that finance companies, in purchasing chattel mortgage notes on automobiles, are greatly influenced by four considerations: First, the equity of the purchaser in the automobile, represented by the cash payment and/or the allowance on the used car that is traded; secondly, the credit rating of the purchaser; thirdly, the value of the car purchased; and, fourthly, whether or not any other finance company had already rejected the offer.

While it is true that the plaintiff investigated the credit standing of the purchaser and also had a representative of its own to examine the car and make an appraisal of its value, nevertheless we are convinced that the plaintiff also relied upon the dealer's statement in arriving at the conclusion to finance the matter by purchasing the note. Rev. Civ. Code, arts. 1847, 1945, 1963; Watson v. Planters' Bank of Tenn., 22 La. Ann. 14; Benner v. Van Norden, 27 La. Ann. 473; Patorno v. Vacaro, 153 La. 364, 95 So. 864; Williston on Contracts, 1920 Ed., Vol. III, pars. 1490, 1500.

We may say, as did the trial judge, that the officers of the defendant corporation were in no way responsible for the misrepresentation, which was entirely attributable to the salesman, who has since left its employment.

We note that, while the note was tendered to the defendant by the plaintiff, the judgment awarding the amount claimed is not conditioned upon the surrender of the note. We shall amend the judgment in that respect.

For the reasons assigned the judgment appealed from is amended so as to read as follows:

It is ordered, adjudged, and decreed that there be judgment in favor of plaintiff, Jacques Mossler, doing business under the trade name of Mossler Acceptance Company, and against the defendant, Capital City Auto Company, Inc., in the full sum of $303.52, with legal interest from judicial demand and 20 per cent. attorney's fees, until paid, conditioned upon the simultaneous delivery of the note described in the petition to the defendant; defendant to pay the costs of both courts.

Amended and affirmed.