HALL, Judge.
This is an appeal from a summary judgment rendered under the authorization of LSA-C.C.P. Art. 966. There are no material issues of fact involved and no exception to the judgment has been taken on procedural grounds.
Plaintiff sued to recover the sum of $1,-787.50 which he alleged represented an overpayment of interest to defendant in connection with a mortgage note made by him and held by defendant. Defendant answered denying that the sum claimed was an overpayment and alleged on the contrary that the sum was legally due and owing at the time defendant paid it. Defendant then reconvened for attorney’s fees under the terms of the mortgage note in an amount equal to 10% of the sum sued upon.
After depositions of the parties were taken defendant moved for a summary judgment. Following argument the District Judge rendered judgment in favor of defendant dismissing plaintiff’s suit, and in favor of plaintiff dismissing defendant’s re-conventional demand. Plaintiff appealed from that part of the judgment which dismissed his suit. Defendant answered the appeal seeking judgment in its favor on the reconventional demand.
The record, consisting of the pleadings, the exhibits thereto attached, and the depositions discloses the following facts:
On November 4, 1954 plaintiff executed and delivered to defendant a collateral mortgage note in the principal sum of $75,000.00 bearing interest, payable annually, at the rate of six (6) per cent per annum from date until paid, the note being made payable in three installments due respectively three, four and five years after date.
After having received one extension, plaintiff on or about October 4, 1959 requested that the due date on the principal balance of the note be extended for an additional year, that is, until November 4, 1960. Defendant agreed to the requested extension but only on condition that the interest rate on the unpaid principal balance amounting to $65,000.00 be increased to eight (8) per cent per annum from November 4, 1959 until paid. Defendant did not obtain at the time any written agreement from plaintiff covering the increase in interest rate from six per cent to eight per cent but defendant gave written instructions to the bank which held the note for collection to collect eight (8) per cent interest from and after November 4, 1959. Plaintiff actually paid interest covering the period November 4, 1959 to November 4, 1960 at the eight (8) per cent rate.
By means of ninety-day extensions, requested by plaintiff, payments of principal and interest were further deferred from November 4, 1960 until August 4, 1961 without any written agreement relative to the increased interest rate.
In order to meet the payment due August 4, 1961 plaintiff arranged to refinance the note through a Homestead Association, but upon learning that the act could not be passed before August 11 plaintiff sought another extension from defendant. As a result of a conference between the parties, defendant’s attorney wrote a letter addressed to plaintiff dated August 3, 1961 reading as follows:
“ * * *
“As Attorney for the Krauss Company Employees Pension Fund, and at the request of Mr. Jimmy Heymann, I am writing you to confirm agreement entered into today between you and Krauss Company Employees Pension Fund.
*391 “Krauss Company Employees Pension Fund is the holder and owner of a mortgage note, made by you, dated November 4, 1954, originally in the sum of $75,000.00 now reduced to $65,000.00. Payment of the principal balance on this note was extended on November 4, 1959 on the condition that interest be increased to 8% from November 4, 1959; and the note has been extended from time to time to August 4, 1961.
“In consideration of your agreeing to pay, on or before Friday, August 11, 1961, the principal balance due on this note with interest at 7% per annum from November 4, 1960, the interest rate is reduced to 7% and the time for payment of the principal and interest is extended to Friday, August 11, 1961. If such payment is not timely made, the principal plus interest at 8% per annum from November 4, 1960, shall be immediately due and payable.
“Please indicate your acceptance of the terms hereof by signing the attached copy of this letter and returning same to me immediately.
« * >f! * »
A copy of this letter was signed by plaintiff and returned to defendant, signifying plaintiff’s acceptance of the terms thereof.
On or about August 10, 1961, plaintiff paid defendant the sum of $68,526.25, which, in accordance with the foregoing agreement of August 3, represented the final principal balance of $65,000.00 plus interest at the rate of seven (7) per cent per annum from November 4, 1960 to August 10, 1961.
Plaintiff contends that parole testimony cannot be received in support of a claim for the payment of conventional interest, citing LSA-C.C. Art. 2924 and pertinent decisions, and that not having agreed in writing on or prior to November 4, 1959 to pay an increased rate of interest he is entitled to recover all amounts of interest paid in excess of the six (6) per cent fixed in the note, citing LSA-C.C. Art. 2133 to the effect that “what has been paid without having been due, is subject to be reclaimed.” Plaintiff further contends that he signed the agreement of August 3, 1961 under duress, being threatened with imminent foreclosure, and contends that in all events the most interest that could be due under that agreement would be seven (7) per cent interest from August 3 to August 11, 1961 because a written agreement to pay interest can have a prospective effect only.
Defendant’s entire defense is predicated upon the written agreement of August 3, 1961 and defendant concedes but for that agreement plaintiff would be entitled to judgment.
At the time the August 3rd agreement was entered into plaintiff had already paid interest for the period from November 4, 1959 until November 4, 1960 at the eight (8) per cent rate. The agreement recognizes, confirms and ratifies this payment. On the date of the agreement interest accruing subsequent to November 4, 1960 was unpaid. The agreement provides for the payment of this interest at the rate of seven (7) per cent and states that: “If such payment is not timely made, the principal plus interest at 8% per annum from November 4, 1960 shall be immediately due and payable.”
We know of no reason why a written confirmation and ratification of interest payments previously made is not sufficient to take the case out of the parole evidence rule prescribed by LSA-C.C. Art. 2924, and we know of no reason why a written agreement, supported by consideration, to pay interest retroactively on a previously borrowed sum is not a valid agreement and likewise sufficient to take the case out of the parole evidence rule. See Jaenke v. Taylor, 160 La. 109, 106 So. 711.
Plaintiff contends that he signed the agreement of August 3, 1961 under duress. The only duress complained of is that he was threatened with immediate foreclosure if he did not sign. The contention is without merit. See LSA-C.C. Art. 1856; *392 Patorno v. Vacaro, 153 La. 364, 365, 95 So. 864; Storey v. Stanton, 182 La. 873, 876, 162 So. 649; Texas Company v. McDonald, 228 La. 353, 82 So.2d 37.
We come now to defendant’s reconven-tional demand for attorney’s fees. The collateral mortgage note of November 4, 1954 executed by plaintiff provides:
“In case this note should be placed in the hands of an attorney, after its maturity, to institute legal proceedings to recover the amount hereof, or any part hereof, in principal or interest, or to protect the interests of the holder hereof, or in case the same should be placed in the hands of an attorney for collection, compromise or other action, the maker' — and endorser — binds himself to pay the fees of the attorney who may be employed for that purpose, which fees are hereby fixed at 10 per cent on the amount due or sued for, or claimed or sought to be protected, preserved or enforced.”
It is not shown, and defendant does not contend that it had placed the note in the hands of its attorney for any purpose prior to the filing of this suit by plaintiff. At the time plaintiff filed suit (March 29, 1962) the note had been paid in full and had been surrendered to him. Defendant was no longer the holder thereof; the note was dead. Defendant merely used a photostatic copy of the note as an exhibit in presenting its case.
Manifestly the note was not placed in the hands of an attorney “to institute legal proceedings to recover the amount * * * or to protect the interests of the holder,” nor was it “placed in the hands of an attorney for collection, compromise or other action.” Actually the note itself was never placed in an attorney’s hands for any purpose.
It is defendant’s contention that if, instead of paying the $1,787.50 in interest and then suing to get it back, plaintiff had refused to pay, there could be no question as to defendant s right to recover ten per cent attorney’s fees in an action brought by it for recovery of the $1,787.50; and defendant argues that the situation is no different here, where defendant has been compelled to defend a claim involving the identical sum of money. In either case, defendant argues, the attorney’s services and fees are essentially the same.
We are not concerned here with the question whether defendant has been compelled to incur attorney’s fees in defending plaintiff’s suit. We are concerned only with the question whether plaintiff bound himself to pay such fees. In our opinion he did not.
For the foregoing reasons the judgment appealed from is affirmed, costs of this appeal to be borne by appellant.
Affirmed.