WICKER, Judge.
William R. Gooding and Roland A. Millet sued David W. Millet to enforce the terms of the latter’s promissory notes. The plaintiffs prevailed; and David Millet suspen-sively appeals the judgment, alleging the trial judge erred in not finding that he signed the notes under duress. We affirm.
All three parties were equal shareholders in Saints Oil Corporation. Gooding sued for involuntary liquidation of the corporation, and the court appointed Gooding and David Millet co-liquidators.[1]
In two years the liquidation was not yet accomplished, so the matter came for trial. David Millet had previously been the high bidder for the corporate assets, and he and his attorney instituted settlement negotiations on the morning of trial. Another corporation owned by the parties, Millet, Gooding, Millet Corporation, was included in the negotiations for the purpose of resolving all the problems of co-owned property among these men and forestalling more litigation at a later date. *397 The result of the negotiations was a stipulation read into the record and reduced to a judgment. David Millet executed promissory notes in favor of Gooding and Roland Millet, and he paid the cash portion of the settlement.
David Millet defaulted on his notes, and Gooding and Roland Millet filed suit. David Millet denied the allegations in their suits, which were consolidated for trial, and also alleged fraud in the consideration, failure of consideration, and duress.[2] Those who had factual knowledge of the settlement negotiations testified at the trial, including the trial judge who presided over the liquidation and settlement and former for some of the parties.
The only relevant evidence to support David Millet’s claim of duress is his testimony that he signed the settlement agreement and promissory notes to avoid further litigation, fearing an unfavorable result. However, “A threat of doing a lawful act or a threat of exercising a right does not constitute duress.” L.S.A.-C.C. art. 1962; Storey v. Stanton, 182 La. 873, 162 So. 649 (La.1935);[3] Katz v. Krauss Co. Emp. Pension Fund, 161 So.2d 389 (La.App. 4th Cir.1964).
David Millet's answers on cross-examination were evasive and non-responsive, and he took no action to set aside the allegedly coerced settlement until payment on his notes was demanded. We believe that the trial judge resolved credibility questions in favor of Gooding, Roland Millet and their witnesses, and against David Millet. In the matter of credibility, he has much discretion. Bourgeois v. Bill Watson’s Investments, Inc., 458 So.2d 167 (La.App. 5th Cir.1984). Finding no abuse of that discretion, we affirm the trial court’s decision.
While David Millet did not prevail on his appeal, there is no evidence to indicate his appeal was taken solely for the purpose of delay or was totally without merit. We thus deny Gooding’s and Roland Millet’s request for damages for frivolous appeal. L.S.A.-C.C.P. art. 2164.
David Millet must pay the cost of this appeal.
AFFIRMED.

. Gooding v. Millet, et al, No. 12,208, 29th Judicial District Court for the Parish of St. John the Baptist; appeal reported at 430 So.2d 742, 743 (La.App. 5th Cir.1983). "At trial the evidence was convincing that David Millet had operated the corporation as an individual proprietorship — an alter ego of David Millet...."

. On appeal David Millet is claiming only duress - as an issue.

. "It is not duress to institute or threaten to institute civil suits, or take proceedings in court, or for a person to declare he intends to use the courts wherein to insist upon what he believes to be his legal rights.” At 162 So. p. 650.