MOORE, J.,
dissents.
hi respectfully dissent. I understand the equities of the case and this court’s proclivity to restore as many mineral rights as possible to the people who owned them before the Haynesville Shale. The majority cites a portion of the supreme court’s recent opinion, Peironnet v. Matador Resources Co., 2012-2292 (La.6/28/13), 144 So.3d 791, for its discussion of rescission and reformation, drawn from Prof. Litvinoffs article. What the majority conspicuously omits, however, is that the high court’s decree in Peironnet actually reversed another ruling of this court that found mutual error, and reinstated the district court’s refusal to reform or rescind a mineral lease. Specifically, the supreme court rejected our theory that a party seeking to reform or rescind a contract need prove only that the other side “should have known” the plaintiffs intent. The burden of proof is actually clear and convincing evidence. Id. at 22, 144 So.3d at 809 (quoting Prof. Litvinoff). I do not agree that Ms. Mathews met this burden of proof.
The record amply shows that Ms. Mathews intended to reserve the mineral rights to this two-acre lot, that she discussed this with her realtor, Ms. Allen, and that the reservation was stated on internal MLS documents and the property disclosure executed by Ms. Mathews. However, Ms. Duke (through her realtor, Ms. Ratcliff) made an offer to purchase without reservation of minerals, and Ms. Mathews accepted, making no counteroffer. The buy/sell agreement, the sale-in-process checklist and, critically, the cash sale deed all totally omit the reservation of minerals. Ms. *352 Mathews signed these documents without objection. Notably, this sale occurred in April 2007, before the March 2008 announcement of the Haynesville Shale play |2and the spike in mineral royalties. Ms. Mathews did not try to revive her reservation of mineral rights until early 2009.
The case is governed by the precepts reiterated in Peironnet: “The only error alleged is in signing a written contract without reading it, believing it to contain the terms of an agreement as he had understood them, which, in the absence of any charge or proof of fraud, force or improper influences upon the part of the other contracting party, is not an error from which the law will relieve him.” Id. at 23-24, 144 So.3d at 810, quoting Watson v. Planters’ Bank of Tennessee, 22 La.Ann. 14 (1870). “Courts will refuse rescission unless they can conclude that the error besides meeting the requirements already discussed, is also excusable, that is, that the party in error did not fail to take elementary precautions that would have avoided his falling into error, such as making certain that he was reasonably informed. Otherwise the error is regarded as inexcusable, in which case the party does not obtain relief.” Id. at 24, 144 So.3d at 810, quoting Saúl Litvinoff, Vices of Consent, Fraud, Duress and an Epilogue on Lesion, 50 La. L.Rev. 1, 36 (1989). “The most fertile ground for the healthy growth of the notion of inexcusable error is the often-recurring situation where a party claims to have made an error that bears on a cause of his obligation but further explains that he omitted to read the writing to which the contract giving rise to that obligation was reduced. In such a context Louisiana courts have said that a party may not avoid the provisions of a written contract he signed but failed to read or have explained to him. That is so because, ‘Signatures to obligations are not mere ornaments.’ ” Id. at 25, 144 So.3d at 811, quoting Litvinoff, op. cit, 37 (internal citations omitted).
|3With due deference to the trial court’s credibility calls and factual findings, this record does not prove, either by a preponderance or by clear and convincing evidence, that Ms. Mathews took the elementary precaution of reading the documents before she signed them, or of asking her realtor or the closing agent why they failed to reserve the minerals. Her error is inexcusable and does not support reformation of the sale. I would reverse and render, dismissing this claim.